UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 50 EXCHANGE TERRACE LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) C.A. No. 1:24-CV-00285-MSM-PAS |
| MOUNT VERNON SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

ORDER

Mary S. McElroy, United States District Judge.

This action arises out of a water loss at the plaintiff, 50 Exchange Terrace LLC's, property located at 50 Exchange Terrace, Providence, Rhode Island. In short, the parties dispute the amount of loss and what the defendant insurer, Mount Vernon Specialty Insurance Company, owes under the insurance policy agreement between the parties. It appears that Mount Vernon sought to resolve this dispute through the appraisal process set forth in the policy. (ECF No. 3-3.) 50 Exchange instead filed suit on September 26, 2023, in the Superior Court of California for the County of Los Angeles, alleging breach of contract, bad faith, and a prayer for declaratory relief. (ECF No. 3-2.) Mount Vernon then removed that case to the U.S. District Court for the Central District of California. *See 50 Exch. Terrace LLC v. Mount Vernon Specialty Ins.*, 2:23-cv-09557-JLS-MAR.

On November 2, 2023, Mount Vernon filed a miscellaneous petition in Rhode Island Superior Court seeking appointment of an appraisal umpire. *See Mount*

1

*Vernon Specialty Ins. v. 50 Exch. Terrace, LLC*, PM-2023-05699. That matter is pending. Mount Vernon also moved to dismiss the case pending in the Central District of California. That court granted the motion, dismissing the case without prejudice for lack of standing and ripeness, because it determined that 50 Exchange failed to plead an actual and imminent injury. (ECF No. 3-3.) Specifically, the court held that 50 Exchange had presented a hypothetical dispute because the appraisal process had not occurred and that, furthermore, Mount Vernon's "insistence on an appraisal" was not an injury as it was a contractual condition precedent to payment. *Id.* at 4.

50 Exchange appealed the dismissal to the Court of Appeals for the Ninth Circuit, where the case is currently pending. Then, on May 3, 2024, 50 Exchange filed this suit in Rhode Island Superior Court, which Mount Vernon removed to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

This suit is like the California action in all material respects; indeed, the factual allegations are nearly identical. *Compare* ECF No. 3-2 ¶¶ 6-24 *with* ECF No. 1-1 ¶¶ 10-33. The exception is that 50 Exchange has added counts for fraudulent and negligent misrepresentation against Mount Vernon in the later-filed Rhode Island suit. *Compare* ECF No. 1-1 *with* ECF No. 3-2.

Mount Vernon now moves to dismiss the Complaint on (1) the "prior pending action" doctrine or, (2) like in California, for ripeness and a lack of standing, or (3) because the contractual claims are time-barred by a limitations provision in the policy. (ECF No. 3.)

2

The prior pending action doctrine "covers scenarios in which 'actions involving the same parties and similar subject matter are pending in different federal courts' and 'the overlap between the two suits is nearly complete.'" *Maldonado-Cabrera v. Anglero-Alfaro*, 26 F.4th 523, 526-27 (1st Cir. 2022) (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). "[T]he usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer" through staying or dismissing the second case. *Id.* "This 'power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

Here, both cases involve identical parties. They also involve the same subject matter—the factual allegations are substantially the same—but differ in that 50 Exchange now asserts two additional claims, which, notably, could have been brought in the first action. Under the posture of this case, this distinction is not enough to pass the prior pending action doctrine. Notably, the appraisal process is still underway. Even with these additional claims, the next step would be for this Court to consider of the same questions of standing and ripeness already determined by the Central District of California and currently being considered by the Ninth Circuit. The Court refuses to do so, noting that the concerns supporting application of the prior pending action doctrine include "judicial efficiency and the prospect of inconsistent judgments." *Laddawn, Inc. v. Bolduc*, No. 17-CV-11044-TSH, 2018 WL 7047647, at *3 (D. Mass. Dec. 27, 2018).

Further, if the Ninth Circuit were to remand the case, determining that the dispute is ripe and 50 Exchange has standing to proceed, there is no indication that 50 Exchange could not amend its complaint in California to add its additional counts. The case was dismissed at the initial pleadings stage and, because the facts asserted in both cases are the same, those counts must arise out of the same transaction or occurrence of the facts already alleged. *See Bradeen v. Bank of N.Y. Mellon Tr. Co, Nat'l Ass'n*, No. 18-CV-11753, 2018 WL 5792319, at *2 (D. Mass. Nov. 2, 2018) (holding that "[w]hen it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored.").

At this stage, the "overlap in both cases is nearly complete." *See Maldonado-Cabrera*, 26 F.4th at 527. Given that this Court will not consider the same questions of standing and ripeness already determined by the Central District of California, this Court will defer to the court that first had jurisdiction and GRANT Mount Vernon's Motion to Dismiss (ECF No. 3), without prejudice, on the grounds of the prior pending action doctrine.

IT IS SO ORDERED.

*[signature: Mary S. McElroy]*

Mary S. McElroy
United States District Judge

January 15, 2025